UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUKE YOUNG, an individual, and K221, LLC, a Washington State limited liability company,<br><br>                              Plaintiffs,<br>      v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                              Defendant. | CASE NO. 20-CV-01816-LK<br><br>ORDER OVERRULING SAFECO'S OBJECTIONS AND GRANTING STIPULATED MOTION FOR *IN CAMERA* REVIEW |

This matter comes before the Court on Defendant Safeco's objections to United States Magistrate Judge[1] S. Kate Vaughan's Order on Plaintiff's Motion to Compel and Defendant's Motion to Continue. The parties have also filed a Stipulated Motion for *In Camera* Review. Dkt. No. 32. Having reviewed the objections, Dkt. No. 31, the motion, the remaining record, and the governing law, the Court overrules Safeco's objections and grants the parties' stipulated motion.

---

[1] Safeco repeatedly refers to Magistrate Judge Vaughan as "the magistrate" in its objections brief. Congress adopted the title of "United States Magistrate Judge" several decades ago. Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, Safeco should use the appropriate title: Magistrate Judge.

ORDER OVERRULING SAFECO'S OBJECTIONS AND GRANTING STIPULATED MOTION FOR IN CAMERA REVIEW - 1

## I. INTRODUCTION

Judge Vaughan's order sufficiently details the facts of this case and the current discovery dispute. *See* Dkt. No. 29 at 1–7. The Court accordingly declines to recount them. Nor is such a factual reproduction necessary to address Safeco's objections. As relevant here, Judge Vaughan ordered Safeco to (1) produce for *in camera* review unredacted versions of the 13 documents it alleges contain attorney-client privilege; (2) produce for *in camera* review unredacted versions of the 14 documents it alleges contain work product; (3) produce all non-privileged documents related to Safeco's investigation of Plaintiffs' insurance claim regardless of whether those documents appear in Safeco's claim file, or provide Plaintiffs with a supplemental privilege log properly cataloguing the basis for any redactions; and, finally, (4) provide a substantive response to Plaintiffs' Interrogatory No. 8, which requested an explanation for Safeco's belated decision to cover Plaintiffs' claim. Dkt. No. 29 at 11, 15, 17, 19, 21, 24; *see also* Dkt. No. 18-10 at 2–4.

Safeco appears to take issue with Judge Vaughan's application of controlling case law. *See* Dkt. No. 31 at 1–8. As discussed below, however, this generalized objection is premature. Safeco also contends that it should not have to respond to Plaintiffs' Interrogatory No. 8. *Id.* at 8. Although Safeco may have already "prepare[d] and serve[d] a response" to Interrogatory No. 8 by now, it claims that it should be "permitted to withdraw the response" if the Court agrees that Judge Vaughan erred. *Id.* The Court addresses these objections in turn.

## II. DISCUSSION

Where, as here, the Court refers a non-dispositive pretrial matter to a magistrate judge, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). This means that the Court reviews the magistrate

judge's factual determinations for clear error, *Nichols v. Geico Gen. Ins. Co.*, No. 2:18-CV-01253-RAJ-MAT, 2020 WL 2832514, at *2 (W.D. Wash. June 1, 2020), a "significantly deferential" standard that "is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed," *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (cleaned up). This is not, however, the case for the magistrate judge's legal conclusions. The Court reviews those de novo to determine whether they are contrary to law. *Nichols*, 2020 WL 2832514 at *2.

### A. Safeco's Principal Objection is Premature

Safeco focuses almost exclusively on Judge Vaughan's alleged misapplication of controlling case law. *See* Dkt. No. 31 at 1–8. Namely, Safeco offers its own reading of *Cedell v. Farmers Ins. Co.*, 295 P.3d 239 (Wash. 2013) and other district court cases applying *Cedell* to discovery disputes. *See* Dkt. No. 31 at 3–5. But Safeco overlooks a critical fact. That is, Judge Vaughan did not rule on the veracity of any of Safeco's asserted privileges. She ordered Safeco to submit the withheld documents for *in camera* inspection because its privilege log was insufficient in several respects and offered only "cursory description[s]" of the withheld documents' contents. *See* Dkt. No. 29 at 14–15, 17. Submission of privileged material to the court for *in camera* review does not waive or otherwise affect the asserted privilege. *See United States v. Zolin*, 491 U.S. 554, 568 (1989) ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege.").

And Safeco does not challenge Judge Vaughan's authority to review these documents *in camera*. Nor could it. *See MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 2526901, at *7 (W.D. Wash. May 27, 2014) ("Federal law, which governs the procedural aspects of this case, rests the determination of when to conduct an in camera review in the sound discretion

ORDER OVERRULING SAFECO'S OBJECTIONS AND GRANTING STIPULATED MOTION FOR IN CAMERA REVIEW - 3

of the court."); *Zolin*, 491 U.S. at 569 (the practice of "requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection" is "well established in the federal courts"); *Hawthorne v. Mid-Continent Cas. Co.*, No. C16-1948RSL, 2017 WL 2363740, at *2–3 (W.D. Wash. May 31, 2017) (ordering withholding party to submit withheld documents for *in camera* review to determine whether they were protected by attorney-client privilege or work product doctrine); *Stay@Home Design LLC v. Foremost Ins. Co.*, No. C16-1673-MAT, 2017 WL 1101369, at *6–7 (W.D. Wash. Mar. 24, 2017) (same).

To the extent Safeco's objection to this portion of Judge Vaughan's order is based on the argument that an IFCA Notice creates a blanket privilege covering all attorney communications subsequent to the Notice, the Court rejects it. Because it is "easy to imagine many scenarios in which an insurance company continues to adjust a claim after suit is filed," *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706-JCC, 2016 WL 4494463, at *2 (W.D. Wash. Aug. 25, 2016), or after an IFCA Notice is received, the mere fact that suit has been filed or an IFCA Notice has been received does not foreclose a court from evaluating whether a given document or communication serves a dual purpose. *See Gamble v. State Farm Mut. Auto. Ins. Co.*, No. C19-05956-RJB, 2020 WL 4193217, at *3 (W.D. Wash. July 21, 2020) (where a document serves a dual purpose, "courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation"); *see also, e.g.*, *Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, 2022 WL 414171, at *2 (W.D. Wash. Feb. 9, 2022) (although insurer used its investigation of reports documenting vandalism and trespass-related damage to support its arguments in litigation, "the extent to which [the plaintiff's] property was damaged by vandals and trespassers . . . is a question that goes directly to whether coverage applies" such that the investigation-related claim file entries likely would have "been created in substantially similar

form" notwithstanding the litigation). An IFCA Notice, then, does not create "a discovery black box into which all information regarding an insurer's claims handling converts to protected work product." *Schreib v. Am. Fam. Mut. Ins. Co.*, 304 F.R.D. 282, 287 (W.D. Wash. 2014) (cleaned up).

**B. Undisclosed Documents Not Included in Plaintiffs' Claim File**

It is unclear whether or to what extent Safeco challenges the portion of Judge Vaughan's order requiring it to produce all non-privileged documents related to Plaintiffs' claim that were not included in the claim file. *See* Dkt. No. 29 at 19. To the extent that Safeco does object, however, the Court finds any such objection premature for the reasons discussed above. Judge Vaughan did not order Safeco to disclose any allegedly privileged material to Plaintiffs. Rather, she directed Safeco to properly account for any additional redactions in a supplemental privilege log.[2] *See id*. Here again, then, Judge Vaughan has not yet ruled on the veracity of any asserted privilege.

**C. Interrogatory No. 8**

Safeco's remaining objection involves the portion of Judge Vaughan's order directing it to respond to Plaintiffs' Interrogatory No. 8, which asked Safeco to "[e]xplain the basis for [its] August 2020 decision to accept coverage for the Claim." Dkt. No. 31 at 8. According to Safeco, this "is tantamount to asking a party to explain why the[y] chose to attempt to settle a claim," which is "not only unquestionably work product, but should also be subject to [Federal Rules of Evidence] 407 and 408." *Id.* These arguments misapprehend the scope of Judge Vaughan's order.

---

[2] Since filing its objections to Judge Vaughan's order, Safeco has apparently produced a supplemental privilege log itemizing which or what portions of these previously undisclosed, extra-file documents are subject to attorney-client or work product protection. *See* Dkt. No. 32 at 2. This latest batch of withholdings has spawned additional disagreement between the parties over the legitimacy of Safeco's asserted privileges. *Id.* Safeco has nonetheless agreed to submit these new documents to Judge Vaughan for *in camera* review, subject to its pending objections. *Id.* at 3.

ORDER OVERRULING SAFECO'S OBJECTIONS AND GRANTING STIPULATED MOTION FOR IN CAMERA REVIEW - 5

1       The work product doctrine is a qualified immunity that protects "certain materials prepared by an attorney acting for his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975) (cleaned up). Although the doctrine generally applies to "documents and tangible things," Fed. R. Civ. P. 26(b)(3); *Butler v. State Farm Mut. Auto. Ins. Co.*, No. C14-1653-JCC, 2015 WL 11714664, at *2 (W.D. Wash. July 23, 2015), it also provides protection against "questions which improperly tend to elicit the mental impressions of the parties' attorneys," *Schreib*, 304 F.R.D. at 287 (cleaned up). However, the work product doctrine "furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery." *Id.* at 287–88 (cleaned up); *see also, e.g.*, *Butler*, 2015 WL 11714664, at *3 ("to the extent that the interrogatories at issue can be read to require [the party] to disclose the legal analysis for her claims, they present an unwarranted intrusion into the mental impressions of her attorneys," but "to the extent that they seek to discover the factual basis for her claims, they are appropriate"); *Bagley*, 2016 WL 4494463, at *2 (defendant's explanation of why plaintiffs' policy didn't cover their claim "is claim handling—whether claim processing, claim evaluation, or both").

      Consistent with applicable law and precedent, Judge Vaughan ordered Safeco "to provide a substantive response to Plaintiff's Interrogatory No. 8 *to the extent the information is not privileged or protected under the standards articulated above*." Dkt. No. 29 at 21 (emphasis added). Thus, her order is appropriately tailored and does not require Safeco to disclose the mental impressions of its attorneys.

### III.  CONCLUSION

      Judge Vaughan's order is neither clearly erroneous nor contrary to law. The Court therefore OVERRULES Safeco's objections, Dkt. No. 31, and GRANTS the parties' Stipulated Motion for

ORDER OVERRULING SAFECO'S OBJECTIONS AND GRANTING STIPULATED MOTION FOR IN CAMERA REVIEW - 6

*In Camera* Review, Dkt. No. 32. Within 7 days of this Order, Safeco shall (1) submit unredacted versions of the withheld documents to Judge Vaughan for *in camera* review; (2) provide a response to Plaintiffs' Interrogatory No. 8; and (3) otherwise fully comply with Judge Vaughan's order.

Dated this 8th day of April, 2022.

*Lauren King*
Lauren King
United States District Judge