UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUKE YOUNG, et al.,<br><br>                  Plaintiff,<br><br>     v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                 Defendant. | Case No. C20-1816-LK<br><br>ORDER FOLLOWING *IN CAMERA* REVIEW |

I.      INTRODUCTION

This is an insurance bad faith lawsuit arising out of Defendant Safeco Insurance Company of America's alleged mishandling of a claim for property damage to a rental property owned by Plaintiffs Duke Young and K221, LLC in Kirkland, Washington (the "Rental Property").[1]  On July 22, 2021, Plaintiff filed a Motion to Compel Defendant's production of information redacted in documents produced by Defendant in response to Plaintiff's discovery requests.  *See* Dkt. 12.  The redactions involve Defendant's attorney at Forsberg & Umlauf,

---

[1] Plaintiff K221 is a limited liability company organized under the laws of the State of Washington. Dkt. 1 ¶ 2.  Plaintiff Young is the sole member of Plaintiff K221. *Id.*; Dkt. 13 ¶ 2.  Both Plaintiff Young and Plaintiff K221 are collectively referred to as "Plaintiff" herein.

1   Matthew Adams, and were withheld on the basis of attorney-client privilege or the work product

2   doctrine.

3          On March 2, 2022, the Court ordered Defendant to submit unredacted versions of the

4   documents at issue to the Court for *in camera* review.[2]  Dkt. 29.  Now, having reviewed the

5   redactions,[3]  the Court finds and orders as follows:

6                              II.      DISCUSSION

7          Defendant redacted information under claims of attorney-client privilege and/or the work

8   product doctrine.  *See generally* Dkt. 15; Dkt. 32.  The Court considers attorney-client privilege

9   in first-party bad faith insurance cases pursuant to *Cedell v. Farmers Ins. Co. of Washington*, 176

10  Wn.2d 686, 295 P.3d 239 (2013), while the work product doctrine is governed by Federal Rule

11  of Civil Procedure 26(b)(3) and applicable federal case law.  *MKB Constructors v. Am. Zurich*

12  *Ins. Co.*, No. C13-0611-JLR, 2014 WL 2526901, at *3–4 (W.D. Wash. May 27, 2014); *see also*

13  *Barge v. State Farm Mut. Auto. Ins. Co.*, No. C16-0249-JLR, 2016 WL 6601643, at *5 (W.D.

14  Wash. Nov. 8, 2016) ("Although the attorney-client privilege is a substantive evidentiary

15  privilege, the work product doctrine is a procedural immunity governed by [Rule] 26(b)(3).")

16  (citations omitted).

17          / / /

18

19  _____

20          [2] Defendant objected to the Court's Order.  Dkt. 31.  Judge King subsequently overruled
    Defendant's objections.  Dkt. 33.

21          [3] Following Plaintiff's filing of his Motion to Compel, Defendant located a handful of documents
    responsive to Plaintiff's discovery requests which Defendant had not previously produced or disclosed to
22  Plaintiff.  Dkt. 15 at 4 n.20; Dkt. 32 at 2.  Defendant argues portions of these documents should also be
    redacted on attorney-client privilege and/or work product grounds, whereas Plaintiff contends they should
    be produced in their entirety.  Dkt. 32 at 2.  Because of the similarities between the information at issue in
23  these documents and that at issue in Plaintiff's Motion to Compel, the parties stipulated to Defendant's
    production of the newly discovered materials for *in camera* review by the Court.  *See* Dkt. 32.  The Court
    addresses these newly discovered materials herein.

1    A.    <u>Applicable Legal Standards</u>

2        1.    *Attorney-Client Privilege*

3    As described in more detail in the Court's prior Order, *Cedell* creates a presumption in

4    the context of first-party bad faith insurance disputes in Washington that the attorney-client

5    privilege is unavailable or "generally not relevant."  *Cedell*, 176 Wn.2d at 698–99.  An insurer

6    may overcome this "presumption of discoverability by showing its attorney was not engaged in

7    the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in

8    providing the insurer with counsel as to its own potential liability; for example, whether or not

9    coverage exists under the law."  *Id.* at 699.  However, even if the presumption is overcome, an

10   insured may pierce attorney-client privilege by showing "'a reasonable person would have a

11   reasonable belief that an act of bad faith has occurred,'" and demonstrating "'a foundation to

12   permit a claim of bad faith [tantamount to civil fraud] to proceed.'"  *MKB Constructors*, 2014

13   WL 2526901, at *4 (quoting *Cedell*, 176 Wn.2d at 700).

14   In *Cedell*, the Washington Supreme Court did not "elaborate on what it means for an

15   insurer's act of bad faith to be 'tantamount to civil fraud.'"  *MKB Constructors*, 2014 WL

16   2526901, at *5.  However, in a case relied upon in *Cedell*, the Washington Court of Appeals

17   instructed: "To strip a communication of the attorney-client privilege, the party seeking

18   discovery must show that (1) its opponent was engaged in or planning a fraud at the time the

19   privileged communication was made, and (2) the communication was made in furtherance of that

20   activity."  *Barry v. USAA*, 98 Wn. App. 199, 205, 989 P.2d 1172 (1999)[4]; *see also MKB*

21

22        [4] The plaintiff in *Barry* alleged the insurer failed to adopt and implement reasonable standards for
     the prompt investigation of claims, did not attempt in good faith to effectuate a prompt and equitable
     settlement, compelled her to institute litigation or arbitration to recover amounts due by offering
23   substantially less than the amounts ultimately recovered, and failed to timely respond to and act on a
     claim.  *Barry*, 98 Wn. App. at 206.  The appellate court noted that, while those allegations "may be

ORDER FOLLOWING IN CAMERA REVIEW - 3

1     *Constructors*, 2014 WL 2526901, at \*5 (recognizing the applicability of the *Barry* standard to an

2     insured's attempt to pierce attorney-client privilege through allegations of bad faith in the *Cedell*

3     context).  Neither a mere allegation or claim of bad faith, nor an honest disagreement as to

4     coverage between the insurer and insured, suffices to waive attorney-client privilege.  *MKB*

5     *Constructors*, 2014 WL 2526901, at \*5; *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-

6     0611-JLR, 2014 WL 3734286, at \*7 (W.D. Wash. July 28, 2014).

7                 2.     *Work Product Doctrine*

8           Pursuant to the work product doctrine, a party may not ordinarily discover documents

9     prepared in anticipation of litigation unless the party shows "substantial need" for the materials

10    and the inability to obtain the equivalent by other means.  Fed. R. Civ. P. 26(b)(3)(A)(ii).  To

11    obtain opinion work product, consisting of the "mental impressions, conclusions, opinions, or

12    legal theories of a party's attorney or other representative concerning the litigation[,]" Fed. R.

13    Civ. P. 26(b)(3)(B), an insured in a bad faith insurance action must make a showing beyond

14    substantial need, and demonstrate that the "'mental impressions are *at issue* and their need for

15    the material is compelling.'"  *MKB Constructors*, 2014 WL 2526901, at \*3 (citing *Holmgren v.*

16    *State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (italics in *Holmgren*)).  "At a

17    minimum, compelling need requires that the information sought is not available elsewhere or

18    through the testimony of another witness."  *Id.*

19          The work product doctrine only applies to documents prepared in anticipation of

20    litigation.  This means that if a document would have been created in substantially similar form

21    in the normal course of business, the fact that litigation is afoot will not protect it from discovery.

22

23    sufficiently supported by the record to establish a prima facie case of bad faith insurance and [Consumer
Protection Act] violations, they did not, "in and of themselves, constitute a good faith belief that [the
insurer] committed fraud."  *Id.* at 206–07.

1    *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 908 (9th Cir. 2004).  When a document

2    serves a dual purpose—i.e., the document was not prepared exclusively for litigation—the Ninth

3    Circuit applies the "because of" standard.  *Id.* at 907.  This standard provides that dual purpose

4    documents are deemed prepared because of litigation if "in light of the nature of the document

5    and the factual situation in the particular case, the document can be fairly said to have been

6    prepared or obtained because of the prospect of litigation." *Id.* (citation omitted).  In applying

7    the "because of" standard, courts do not consider "whether litigation was a primary or secondary

8    motive behind the creation of a document." *Id.* at 908.  Instead, courts consider the totality of the

9    circumstances to determine whether the "document was created because of anticipated litigation,

10    and would not have been created in substantially similar form but for the prospect of litigation."

11    *Id.* (citation omitted).

12        The Court here concluded that *in camera* review was necessary to determine whether or

13    not Mr. Adams was engaged in quasi-fiduciary tasks in the redactions withheld on attorney-client

14    privilege grounds, as well as to determine whether the other redacted information was properly

15    withheld as work product.  Dkt. 29 at 14–17.  The Court also provided that it would revisit

16    Plaintiff's allegations of bad faith and request for attorneys' fees and costs following the *in*

17    *camera* review.  *Id.* at 15 n.5, 22.

18        Having conducted its review, the Court now finds that (1) certain of the information

19    redacted on attorney-client privilege grounds is discoverable under *Cedell*; (2) there is no basis

20    for piercing the attorney-client privilege based on Plaintiff's allegations of bad faith; (3) the

21    information redacted as work product is not subject to production; and (4) Plaintiff is not entitled

22    to attorneys' fees and costs.

23        / / /

1

2

B.      <u>Attorney-Client Privilege Redactions</u>

1.    *Quasi-Fiduciary Tasks*

3

4

5

6

7

8

9

10

11

12

13

The Court concluded Mr. Adams performed quasi-fiduciary tasks when (1) drafting a response to Plaintiff's Insurance Fair Conduct Act ("IFCA") notice in which he advised Plaintiff's counsel of Defendant's decision to accept coverage, indicated that the biohazard and vandalism losses were two separate claims and that Defendant would "set up a second claim to address the renovations[,]" and asked Plaintiff to provide Defendant with an estimate to repair the renovations to the Rental Property; and (2) writing to Plaintiff's counsel to dispute whether the estimate provided by Plaintiff included damage to the Rental Property not covered by Plaintiff's policy, outline the coverage and exclusions contained in that policy, and request a second inspection of the Rental Property, because this conduct did not pertain to his provision of legal advice or counsel to Defendant and instead facilitated Defendant's renewed attempts to evaluate and process Plaintiff's vandalism claim.  Dkt. 29 at 14.

14

15

16

17

The Court now finds that the following redactions pertain to Mr. Adams' performance of these quasi-fiduciary tasks and ORDERS Defendant to produce them to Plaintiff within **seven (7) days** of this Order:[5]  (1) Safeco 0043:  third, fourth, and fifth redactions; (2) Safeco 0047: last sentence of redaction; (3) Safeco 0765;[6] (4) Safeco 0768–69; (5) Safeco 0770; (6) Safeco

18

19

20

21

22

23

---

[5] Notably, even if information is discoverable under *Cedell*, it may still properly be withheld with a showing that it is protected work product under Rule 26(b)(3).  *See MKB Constructors*, 2014 WL 2526901, at *8 n.6; *Johnson v. Allstate Prop. & Cas. Ins. Co.*, No. C14-5064-KLS, 2014 WL 4293967, at *3 (W.D. Wash. Aug. 29, 2014).  None of the redactions covered by the Court's March 2, 2022, Order were withheld on both attorney-client privilege and work product grounds; however, certain of the redactions submitted by Defendant for *in camera* review pursuant to the parties' stipulation were.  Because the Court does not now order Defendant to produce any redactions over which Defendant claimed both attorney-client privilege and work product protection, the Court need not address whether any of the redactions enumerated in this paragraph are protected as work product.

[6] The Court also questions whether correspondence such as this is privileged in the first place.

0989:  last sentence of email from Ms. Williams; (7) Safeco 1454; (8) Safeco 1457, 1459; and (9) Safeco 1462.

### 2. *Bad Faith*

The Court does not find any basis for piercing attorney-client privilege as to the remaining privileged redactions through Plaintiff's allegations of bad faith.  Plaintiff, in asserting a foundation to permit a bad faith claim tantamount to civil fraud, argued Defendant (1) misrepresented Washington law and Plaintiff's policy in determining the vandalism claim was not covered for lack of malicious intent by the tenant, Dkt. 12 at 11; (2) denied coverage for the biohazard claim on the ground that the Rental Property had sustained no physical damage, in spite of clear evidence to the contrary, *id.*; and (3) still refused to pay Plaintiff's vandalism claim after deciding to cure under IFCA, Dkt. 19 at 7.

The Court finds nothing in the attorney-client communications which would lead a reasonable person to have a reasonable belief that an act of bad faith occurred, or which demonstrates a foundation to permit a claim of bad faith tantamount to civil fraud to proceed.  Disregarding the communications at issue, which Plaintiff contends are not relevant to the Court's determination of bad faith, Dkt. 19 at 7 n.7, the Court finds the same.  Neither a mere allegation or claim of bad faith, nor an honest disagreement as to coverage between the insurer and insured, suffices to waive attorney-client privilege.  *MKB Constructors*, 2014 WL 2526901, at *5; *MKB Constructors*, 2014 WL 3734286, at *7.  In this context, Plaintiff's allegations fail to demonstrate anything more than an honest disagreement as to coverage between the parties.  *Cedell*'s bad faith exception therefore does not apply.[7]

/ / /

---

[7] This ruling is limited to Defendant's assertion of attorney-client privilege and should not be construed as an indication of the Court's impression regarding the merits of Plaintiff's substantive claims.

C.    <u>Work Product Redactions</u>

The Court finds the work product doctrine applicable to the information redacted on that basis.  The redactions withheld as work product are all dated after Plaintiff's August 10, 2020, IFCA claim notice and support Defendant's contention that it reasonably anticipated litigation as of its receipt of that notice.  To the extent certain of the redacted information can be said to serve a dual purpose, the Court is satisfied it was "created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation."  *Mark Torf*, 357 F.3d at 908.  Moreover, Plaintiff does not demonstrate a substantial or compelling need for the production of the information redacted as work product.  It is therefore properly withheld.

D.    <u>Plaintiff's Request for Attorneys' Fees and Costs</u>

Plaintiff asks the Court to grant him his attorneys' fees and costs incurred in bringing his Motion to Compel, arguing Defendant's discovery positions were not "substantially justified." Dkt. 12 at 13.

Under Fed. R. Civ. P. 37(a)(5), if the Court grants a motion to compel or if the requested discovery is provided after the motion is filed, the Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless the opposing party's nondisclosure was "substantially justified."

While the Court now orders Defendant to produce certain redacted information withheld on the basis of attorney-client privilege, and while Defendant disclosed responsive information it previously withheld after Plaintiff filed his Motion, the Court determines Defendant's nondisclosures were substantially justified.  Defendant genuinely disputed whether the allegedly privileged information was discoverable under *Cedell*, and there is no indication the newly

disclosed and responsive information was withheld for nefarious purposes.  Plaintiff's request for attorneys' fees and costs is therefore DENIED.

III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant is ORDERED to produce the following redactions to Plaintiff within **seven (7) days** of this Order:  (1) Safeco 0043:  third, fourth, and fifth redactions; (2) Safeco 0047:  last sentence of redaction; (3) Safeco 0765; (4) Safeco 0768–69; (5) Safeco 0770; (6) Safeco 0989:  last sentence of email from Ms. Williams; (7) Safeco 1454; (8) Safeco 1457, 1459; and (9) Safeco 1462.  Plaintiff's request for attorneys' fees and costs is DENIED.  The Clerk is directed to send copies of this Order to the parties and to the Honorable Lauren J. King.

Dated this 4th day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge