1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

| DUKE YOUNG, an individual, and K221, LLC, a Washington State limited liability company, | CASE NO. 20-CV-01816-LK |
|---|---|
| Plaintiffs, | ORDER AWARDING RULE 37 FEES |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

14

15

16

17

18

19

20

This matter comes before the Court on Defendant Safeco's untimely Response to Order Overruling In Part Plaintiffs' Objections and Allowing Optional Response Brief.[1] Dkt. No. 42. On June 17, 2022, the Court issued an order overruling in part Plaintiffs Duke Young and K221, LLC's

21

22

23

24

---

[1] The Court instructed Safeco to file its optional response brief no later than June 24, 2022. Dkt. No. 39 at 10. Although Safeco dated its brief for the 24th, it did not file the document until the following Monday, June 27th. It is therefore untimely. Nor does the temporary CM/ECF outage, which spanned from 12:00 PM PDT on Friday, June 24th to 7:00 AM PDT on Monday, June 27th, excuse Safeco's untimely filing. This district has filing procedures in place for CM/ECF outages, and all registered users receive advance notice via email. *See* Filing Procedures When the Court Declares a CM/ECF System Outage/Unavailability, https://www.wawd.uscourts.gov/attorneys/cmecf/technical-failure ("Filing via email will commence on the date and time stated in the Court's Notice declaring the unavailability of the CM/ECF system and will end upon the Court's Notice of the resolution of the system outage," and "[d]ocuments filed via email will be considered received upon the date of receipt by the Court.").

ORDER AWARDING RULE 37 FEES - 1

1    objections to United States Magistrate Judge S. Kate Vaughan's Order Following *In Camera*

2    Review. Dkt. No. 39. The Court deferred ruling, however, on Plaintiffs' objection to Judge

3    Vaughan's denial of Rule 37 fees pending Safeco's optional response. *Id.* at 9–10. Now that Safeco

4    has had an opportunity to be fully heard on the issue, the Court awards Plaintiffs Rule 37 fees.

5                          **I.       INTRODUCTION**

6           At issue is Safeco's belated production of two batches of documents stored outside of

7    Plaintiffs' claim file: (1) 45 documents disclosed after Judge Vaughan's March 2, 2022 Order,

8    Dkt. No. 29, and (2) 48 documents disclosed on April 15, 2022. *See* Dkt. No. 39 at 2, 9–10; Dkt.

9    No. 38 at 3–4. Although the parties stipulated to submission of the first 45 documents to Judge

10   Vaughan for in camera review, the record was unclear as to whether her review encompassed the

11   latter 48 documents. *See* Dkt. No. 32; Dkt. No. 36 at 2 n.3. The Court accordingly permitted Safeco

12   an opportunity to explain its failure to timely disclose that batch of documents before ruling on the

13   propriety of Rule 37 expenses. Safeco now indicates that Judge Vaughan did in fact consider all

14   93 documents during her in camera review. Dkt. No. 42 at 1 (citing Dkt. No. 36 at 2 n.3).

15                          **II.       DISCUSSION**

16          Where, as here, the Court grants a motion to compel or the disclosure is provided after the

17   motion was filed, the Court "must, after giving an opportunity to be heard, require the party . . .

18   whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay

19   the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.

20   R. Civ. P. 37(a)(5)(A). The only way that the Court will not order such fees is if the movant failed

21   to make a good-faith attempt to obtain the discovery without court action, the opposing party's

22   nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R.

23   Civ. P. 37(a)(5)(A)(i)–(iii). In other words, Rule 37 "creates a presumption that the losing party

24   will pay the attorney fees which the prevailing party incurred in bringing the motion." *Ryness Co.*

ORDER AWARDING RULE 37 FEES - 2

1  *v. Builder Sales Grp., LLC*, No. C10-1096-JCC, 2011 WL 2532691, at *1 (W.D. Wash. June 24,

2  2011). Safeco has failed to rebut this presumption by showing that its nondisclosure of the 93

3  responsive documents was substantially justified. *See Cherry v. Prudential Ins. Co.*, No. C21-27-

4  MJP, 2021 WL 5205614, at *3 (W.D. Wash. Nov. 9, 2021).[2]

5  **A.    The First Batch – 45 Documents Disclosed After the March 2, 2022 Order**

6        It was not until Plaintiffs filed their motion to compel that Safeco halfheartedly admitted

7  the existence of an unspecified number of additional emails in a footnote. Dkt. No. 15 at 4 n.20.

8  At that point, instead of properly cataloguing all undisclosed documents and identifying the

9  privilege supporting each redaction, Safeco apparently attached an incomplete supplemental

10 privilege log that accounted for just one of the newly identified email chains. *See id.* Safeco then

11 compounded its discovery violation by failing to supply, for months thereafter, a complete

12 privilege log identifying what would become the first batch of 45 documents. Dkt. No. 37 at 4–5.

13 That is not how discovery works. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party . . . must supplement

14 or correct its disclosure . . . in a timely manner if the party learns that in some material respect the

15 disclosure or response is incomplete or incorrect[.]").

16       Nor does it matter that Judge Vaughan later found most of the documents at issue properly

17 redacted pursuant to the attorney-client privilege or work product doctrine. The ultimate validity

18 of Safeco's asserted privileges did not retroactively negate its obligation to properly account for

19 all responsive documents in its privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *Halsey v. Croskrey*,

20

---

21  [2] Nor has Safeco established either of the remaining exceptions to a fee award under Rule 37(a)(5)(A)(i) or (a)(5)(A)(iii). First, Plaintiffs made a good-faith attempt to confer before seeking judicial intervention and their motion includes the requisite certification. *see* Fed. R. Civ. P. 37(a)(1); Dkt. No. 12 at 6. Plaintiffs further support this avowal with an affidavit specifying the "date, manner, and participants to the conference." LCR 37(a)(1); *see* Dkt. No. 14 at

22  3, ¶ 16. And second, this case does not present the kind of circumstances that might otherwise make an award of expenses unjust. S*ee, e.g.*, *Sinclair v. Home Depot, U.S.A., Inc.*, No. C19-1971-JCC, 2020 WL 5653322, at *2 (W.D.

23  Wash. Sept. 23, 2020) (award of expenses was unjust because the discovery dispute "arose at the height of the COVID-19 pandemic"); *Ville v. Family Res. Home Care*, No. C17-0606-RSM, 2018 WL 994140, at *1 (W.D. Wash. Feb. 21,

24  2018) (award of expenses was unjust where non-movant had difficulty communicating with her out-of-state counsel, eventually went pro se, was unemployed, and did not understand the posture of the case before the motion was filed).

1   No. 20-CV-00371-SMJ, 2021 WL 6139659, at *4 (E.D. Wash. Oct. 4, 2021) ("Defendants need

2   not produce any documents or information protected by the attorney-client or work-product

3   privileges, but to the extent any such documents are privileged and Defendants withhold on that

4   basis, Defendants must comply with Federal Rule of Civil Procedure 26(b)(5)(A)."). In fact,

5   "withholding otherwise discoverable materials on the basis that they are privileged or subject to

6   the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) . . .

7   'may be viewed as a waiver of the privilege or protection.'" *Lambert v. McKay*, No. C19-1829-

8   BJR-SKV, 2021 WL 5578861, at *4 (W.D. Wash. Nov. 30, 2021) (quoting Fed. R. Civ. P.

9   26(b)(5), advisory committee's comment).

10   Judge Vaughan recognized this in her order directing Safeco to provide a complete

11   privilege log identifying all withheld documents regardless of whether they were stored outside of

12   Plaintiffs' claim file. Dkt. No. 29 at 18–19. But to the extent that Judge Vaughan nonetheless found

13   Safeco's initial failure to do so substantially justified, this Court holds that the law is to the

14   contrary. Because no reasonable person would have believed that the mere fact that responsive

15   documents were not in Plaintiffs' claim file exempted those documents from identification on the

16   privilege log, Safeco's months-long failure to identify withheld documents was not substantially

17   justified. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Garber-Cislo v. State Farm*

18   *Auto. Ins. Co.*, No. 10-13301, 2011 WL 13217308, at *5 (E.D. Mich. Dec. 8, 2011) ("State Farm

19   does not get to decide what is relevant and responsive by selecting what goes in the claim file and

20   then producing nothing else.").

21   **B.      The Second Batch – 48 Documents Disclosed on April 15, 2022**

22   Safeco fares no better with respect to the second batch of documents.[3] It suggests that fees

23

24   ───────────────
[3] As an initial matter, Safeco erroneously frames the relevant inquiry as whether Plaintiffs' request for fees was
substantially justified. *See* Dkt. No. 42 at 1. This essentially subverts Rule 37(a)(5)(A)'s presumption by placing the

1   are inappropriate this time around because Plaintiffs did not have to file another motion or incur

2   additional expenses with respect to the final 48 documents. Dkt. No. 42 at 2. Safeco asserts that its

3   "inadvertent" nondisclosure did not affect or otherwise delay Judge Vaughan's in camera review

4   and again emphasizes that, in any event, she "almost entirely upheld" its redactions. *Id.* The Court

5   finds Safeco's no-harm-no-foul argument unpersuasive on three fronts. First, it is inaccurate to

6   suggest that Plaintiffs incurred no additional expenses simply because they did not file a separate

7   motion. The parties have been embroiled in this discovery dispute for over a year, incurring

8   expenses at every step of the fight and with every wave of objections. And Safeco continued to

9   stumble across additional responsive documents as late as April 2022.

10      Second, that Plaintiffs did not file multiple motions is immaterial. The dispositive inquiry

11   remains whether (1) they filed *a* motion (they did); (2) the Court granted that motion and/or Safeco

12   subsequently provided the requested discovery (both occurred); and (3) Safeco's failure to provide

13   the requested discovery was substantially justified (it was not). That is all Rule 37 requires for an

14   award of expenses. Indeed, under these circumstances the Court "must" award Plaintiffs their

15   "reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ.

16   P. 37(a)(5)(A).

17      Third, and perhaps most importantly, Safeco again conflates the ultimate validity of its

18   asserted privileges with its obligation under Rule 26(b)(5)(A) to properly catalogue all responsive

19   documents in a privilege log. *See Halsey*, 2021 WL 6139659, at *4; *Lambert*, 2021 WL 5578861,

20   at *4. Such an approach overlooks at least one harm that Plaintiffs suffered. That is, Safeco

21   effectively concealed the existence of an additional 48 responsive documents (and 93 total) for

22   close to a year. And Plaintiffs would have been deprived of a chance to litigate the propriety of

23

24   _____
burden of proof on Plaintiffs. Again, *Safeco* bears the burden of showing that *its nondisclosure* was substantially justified. This it does not do.

ORDER AWARDING RULE 37 FEES - 5

1    those withholdings but for their motion to compel. *See* Dkt. No. 12 at 2 ("Worse yet, Safeco

2    withheld other documents relating to [its] investigation of Mr. Young's claim without identifying

3    the documents on its privilege log." (emphasis omitted)). Although it may be easy to dismiss

4    Safeco's nondisclosures as inconsequential in hindsight, it is equally easy to see the infeasibility

5    of ex post facto rationalizations like the one Safeco now proffers. Rule 26(b)(5)(A) imposes an

6    independent obligation for a reason. If a party could omit large swaths of responsive documents

7    from its privilege log simply because it unilaterally determined that they were privileged, many

8    (perhaps critical and damaging) documents would go undiscovered and undisclosed. This would

9    render a sizeable portion of the discovery process meaningless. The potential for abuse is obvious.

10       Safeco launches one final argument at the wall. But like the others, this one fails to stick.

11   It accuses Plaintiffs of overlooking the "2,000+ documents" it has produced during discovery. Dkt.

12   No. 42 at 2. According to Safeco, its "admittedly imperfect" document production should be

13   excused because "[t]here is no allegation or evidence that these documents were withheld for a

14   nefarious purpose." *Id.* Notably absent from the text of Rule 37, however, is a "good-faith" or

15   "substantial compliance" exception. Indeed, the rule expressly prescribes the opposite. *See* Fed. R.

16   Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure . . . must be treated as a failure to

17   disclose[.]"). Here again, then, there is no genuine dispute that Safeco should have identified and

18   catalogued this second batch of documents over a year ago and without Plaintiffs having to file a

19   motion. *See Pierce*, 487 U.S. at 565; *Garber-Cislo*, 2011 WL 13217308, at \*5.

20                                 **III.    CONCLUSION**

21       Because Safeco failed to demonstrate that its nondisclosure of the 93 responsive documents

22   was substantially justified, the Court now SUSTAINS Plaintiffs' remaining objection and

23   MODIFIES IN PART Judge Vaughan's Order Following *In Camera* Review. *See* Dkt. No. 36 at

24   8–9; Dkt. No. 37 at 4–6. Plaintiffs are ORDERED to file, within 10 days, a motion for expenses

1   that includes an accounting of all attorney fees and expenses that their counsel reasonably incurred

2   in preparing their motion to compel and related submissions. Dkt. Nos. 12–14, 19. Plaintiffs shall

3   note their motion in accordance with the Local Civil Rules.

4         Dated this 20th day of July, 2022.

5

6                                         Lauren King
                                      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AWARDING RULE 37 FEES - 7